UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :    21 Cr. 56 (JPC)
             -v-                                                       :    23 Civ. 9349 (JPC)
                                                                       :
KAREEM RODERIQUE,                                                      :    OPINION AND ORDER
                                                                       :
                         Defendant.                                    :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

  Defendant Kareem Roderique moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was imposed following his guilty plea for conspiring to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846. On November 9, 2022, the Court sentenced Roderique principally to a term of imprisonment of 200 months, to be followed by a five-year period of supervised release. At sentencing, the Court determined that Roderique qualified as a "career offender" under Section 4B1.1 of the United States Sentencing Guidelines by virtue of his drug distribution conspiracy conviction in this case and his two prior felony convictions for controlled substance offenses.

  Roderique contends that he received ineffective assistance of counsel at sentencing because his attorney did not argue that Section 4B1.2(b)'s definition of a controlled substance offense does not include inchoate offenses, and therefore his conspiracy conviction in this case is not a predicate offense under Section 4B1.1. Because the Second Circuit had squarely held that conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 is a controlled substance offense under the version of Section 4B1.2(b) in effect at the time of Roderique's sentencing, his attorney did not

render deficient performance in failing to argue otherwise. Accordingly, Roderique's motion is denied.

## I. Background

Roderique's conviction in this case arose from his participation in a conspiracy to distribute large quantities of fentanyl, cocaine, and heroin out of a narcotics mill and stash house in East Orange, New Jersey. Dkt. 113 ("PSR") ¶ 9.[1] Roderique was arrested on October 28, 2020, *id.* ¶ 21, and was charged in a criminal complaint filed in this District that day, Dkt. 1. An indictment was returned charging Roderique and co-Defendant Robert Shannon on January 26, 2021. Dkt. 8.

On February 4, 2021, Roderique, Shannon, and co-Defendant Nikia King were charged in a superseding indictment in two counts: (1) conspiring to distribute and possess with intent to distribute controlled substances—specifically, 400 grams and more of fentanyl, five kilograms and more of cocaine, and 100 grams and more of heroin—in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B); and (2) using and carrying firearms during and in relation to, and possessing firearms in furtherance of, the narcotics distribution conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. Dkt. 12. Roderique pled guilty to the first count on March 8, 2022, pursuant to a plea agreement with the Government. PSR ¶ 4; Dkt. 92.

The plea agreement contained the parties' positions as to the application of the United States Sentencing Guidelines as to Roderique. PSR ¶ 4. The plea agreement expressed the Government's view that Roderique qualified as a career offender under Section 4B1.1 of the

---

[1] All docket citations refer to the docket in the underlying criminal matter, *United States v. Roderique*, No. 21 Cr. 56 (JPC) (S.D.N.Y.).

Guidelines, with Roderique reserved his right to challenge his career offender status at sentencing. *Id.* ¶ 4(d)-(e).[2]

For a defendant to be a career offender under Section 4B1.1(a) of the Guidelines, three criteria must be met. First, the defendant must have been at least 18 years old when the instant offense was committed. U.S.S.G. § 4B1.1(a)(1). Second, the offense of conviction must be a felony that is a crime of violence or a controlled substance offense. *Id.* § 4B1.1(a)(2). And third, the defendant must have had at least two prior felony convictions for a crime of violence or for a controlled substance offense. *Id.* § 4B1.1(a)(3).[3] Only the scope of a controlled substance offense is relevant to Roderique's motion. At the time of Roderique's sentencing, Section 4B1.2 defined a "controlled substance offense" as any felony under federal or state law "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (2021). At that time, Application Note 1 to Section 4B1.2 provided that a "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offense[]." *Id.* § 4B1.2 cmt. n.1 (2021).[4]

Sentencing originally was scheduled for October 4, 2022. Dkt. 145. At that proceeding, and after hearing argument on the career offender issue, the Court adjourned sentencing to allow

---

[2] Under the plea agreement, if Roderique were found to be a career offender, his Guidelines range would be 262 to 327 months' imprisonment, whereas if he were found not to be a career offender, his range would be 135 to 168 months' imprisonment. PSR ¶ 4(i).

[3] The November 2023 amendments to the Guidelines did not alter these three requirements.

[4] As part of the November 2023 amendments to the Guidelines, language providing that crimes of violence and controlled substance offenses include inchoate crimes was added to the text of Section 4B1.2. *See* U.S.S.G. § 4B1.2(d); U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,275 (effective Nov. 1, 2023).

for further briefing on whether Roderique's prior drug conviction in New Jersey qualifies as a controlled substance offense under Section 4B1.2. Dkt. 178 at 14:14-15:11. The sentencing hearing resumed on November 9, 2022, when the Court imposed sentence. The Court first determined that Roderique qualifies as a career offender for purposes of Section 4B1.1. Dkt. 224 at 34:17-20. The Court found that Roderique was thirty-seven years old at the time of the offense, *id.* at 20:15-19, that the offense of conviction is a felony that is a controlled substance offense under Section 4B1.2(b), *id.* at 20:20-25, and that Roderique had two prior felony convictions that also qualify as controlled substance offenses, namely, his 2002 federal conviction in the District of Rhode Island for distributing a controlled substance, *id.* at 21:13-22, and his 2012 state conviction in New Jersey for manufacturing or distributing a controlled substance, *id.* at 34:14-17. Then, the Court arrived at a base offense level of 32 pursuant to Sections 2D1.1(a)(5) and (c)(4) given the converted drug weight at issue, *id.* at 34:23-35:3, increased the level by two pursuant to Section 2D1.1(b)(1) because a firearm was possessed during the course of the offense, *id.* at 35:3-6, and then further increased the offense level to 37 pursuant to Section 4B1.1(b)(1) based on the career offender determination and because the statutory maximum term for the instant offense of conviction is life imprisonment, *id.* at 35:9-14. After reducing three levels for acceptance of responsibility pursuant to Section 3E1.1, the resulting offense level was 34. *Id*. at 35:14-16. In addition, the career offender finding placed Roderique in Criminal History Category VI pursuant to Section 4B1.1(b). *Id.* at 36:2-4. At offense level 34 and Criminal History Category VI, the resulting Guidelines range was 262 to 327 months' imprisonment. *Id.* at 36:5-7. After considering the relevant sentencing factors under 18 U.S.C. § 3553(a), the Court imposed a below-Guidelines sentence of 200 months' imprisonment, to be followed by five years of supervised release, and

imposed forfeiture in the amount of $182,945 and a special assessment of $100. *Id.* at 52:6-60:18, 63:13-21; Dkt. 201 (judgment of conviction).

On October 23, 2023, Roderique filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that his attorney rendered ineffective assistance by failing to argue that his narcotics conspiracy conviction in this case does not qualify as a predicate controlled substance offense for purposes of the career offender Guideline. Dkt. 228 ("Motion"). He maintains that the Section 4B1.2(b) "[p]resents a very detailed definition of a controlled substance offense that clearly excludes inchoate offe[ns]es." *Id.* at 2. Because he would have faced a considerably lower Guidelines range were he not considered a career offender, Roderique maintains that his counsel's performance caused him prejudice. *Id.* at 2-3.

The Government filed its opposition on December 30, 2023, Dkt. 230, and Roderique filed a reply on January 31, 2024, Dkt. 233 ("Reply"). He is currently incarcerated at Allenwood Low FCI, with a projected release date of January 23, 2035. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Feb. 19, 2024).

## II. Legal Standard

### A. 28 U.S.C. § 2255

Under 28 U.S.C. § 2255(a), a prisoner in custody for a federal sentence may move for the sentence to be vacated, set aside, or corrected on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The prisoner may gain such relief "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"

5

*United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Additionally, the Court must "construe *pro se* pleadings liberally and interpret them 'to raise the strongest arguments they *suggest*.'" *Rahmankulov v. United States*, Nos. 23 Civ. 3206 (RA), 20 Cr. 653 (RA), 2023 WL 3303949, at *1 (S.D.N.Y. May 8, 2023) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)) (emphasis in original) (internal quotation marks and citations omitted); *accord Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014).

In resolving a motion under Section 2255, the district court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez*, 722 F.3d at 131 (internal quotation marks omitted). In this case, and for reasons that follow, the Court determines that "[t]he combined submissions of the parties provide a sufficient basis upon which to deny the [motion], and the Court concludes that a full testimonial evidentiary hearing would not offer any reasonable chance of altering its views on the facts alleged by [Roderique]." *Pinhasov v. United States*, Nos. 16 Civ. 7349 (KBF), 14 Cr. 670 (KBF), 2018 WL 550611, at *2 (S.D.N.Y. Jan. 22, 2018) (citing *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001)). Therefore, an evidentiary hearing is not necessary to resolve Roderique's motion. *See Camacho v. United States*, No. 13 Cr. 58 (KBF), 2018 WL 357312, at *1 n.1 (S.D.N.Y. Jan. 10, 2018) ("[T]he petition raises no factual dispute and can thus be resolved without a Government response and/or hearing.").

### B. Ineffective Assistance of Counsel

The Sixth Amendment provides that a criminal defendant shall "have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has recognized that "the right to counsel is the right to the *effective* assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated the test for determining whether a criminal defendant was denied that right. "To prevail on a claim of ineffective assistance of counsel, a convicted defendant must demonstrate that: (1) counsel's performance 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Rosas v. Artus*, No. 05 Civ. 8440 (RJS), 2013 WL 499610, at *4 (S.D.N.Y. Jan. 29, 2013) (quoting *Strickland*, 466 U.S. at 688, 694). "The law is clear that a petitioner challenging his conviction on the grounds of ineffective assistance of counsel '[bears] the burden of proving his claim.'" *Johnson v. United States*, Nos. 15 Civ. 3956 (RJS), 11 Cr. 487 (RJS), 2018 WL 4625799, at *3 (S.D.N.Y. Sept. 26, 2018) (quoting *Chang*, 250 F.3d at 86) (alteration in original).

While assessing whether counsel's performance fell below an objective standard of reasonableness, the Court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689). In determining whether counsel's failure to alert his client to a particular possible defense falls below an objective standard of reasonableness, the Court must look to the likelihood that that defense would succeed. *See*

*Panuccio v. Kelly*, 927 F.2d 106, 109 (2d Cir. 1991) (holding that a failure of counsel to advise his client of an available defense during plea discussions did not fall below the objective standard of reasonableness because the defense was unlikely to succeed and "would have exposed [the defendant] to significant additional punishment while only providing the potential for a reduction in prison time relative to the plea").

### III.  Discussion

Roderique's sole ground for alleging ineffectiveness of his former counsel is that he failed to argue at sentencing that Roderique does not qualify as a career offender under the Guidelines because his conviction in this case—for a conspiracy to distribute and possess with the intent to distribute controlled substances—is not a controlled substance offense under Section 4B1.2. Motion at 2-3.  Roderique relies on the text of Section 4B1.2, which at the time of his sentencing did not mention inchoate offenses; rather, inchoate offenses were mentioned only in Application 1.  *Id.* at 2; Reply at 3, 5.  He further notes that there is a Circuit split on the question of whether inchoate felony narcotics offenses can fall under the prior version of Section 4B1.2(b), and contends that his counsel was ineffective by not preserving the issue for appellate review.  Reply at 2.

The problem for Roderique, however, is that such an argument has been considered and rejected by the Second Circuit.  In multiple decisions that are binding precent for this Court, the Second Circuit has held that conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 qualifies as a controlled substance offense under the version of Section 4B1.2(b) in effect at the time of Roderique's sentencing.  *United States v. Richardson*, 958 F.3d 151, 154 (2d Cir. 2020); *United States v. Tabb*, 949 F.3d 81, 88 (2d Cir. 2020) *United States v. Jackson*, 60 F.3d 128, 131 (2d Cir. 1995).

8

Because Roderique faults his counsel only for failing to pursue an argument that was contrary to the law of this Circuit, Roderique cannot establish any deficient performance by his attorney. *See Waldheim-Toron v. United States*, 631 F. Supp. 2d 397, 398 (S.D.N.Y. 2009) ("Failure to raise meritless arguments cannot be grounds to support a claim for ineffective assistance of counsel under the test of *Strickland*."); *Garcia v. United States*, 15 F. Supp. 2d 367, 379 (S.D.N.Y. 1998) ("An attorney's assistance does not fall below an objective standard of reasonableness when he fails to make an argument that conflicts with existing law."); *see also United States v. Vailette*, 578 F. App'x 32, 33 (2d Cir. 2014) (summary order) (holding that counsel was not constitutionally ineffective at sentencing for not objecting to a sentencing enhancement when, at the time, it was unclear there was any legal basis to do so); *Montes v. United States*, No. 18 Cr. 840 (VEC), 2023 WL 4624044, at *3 (S.D.N.Y. July 19, 2023) (holding that appellate counsel's failure to argue that a conviction for attempted distribution of a controlled substance was not a "controlled substance offense" for purposes of the career offender Guideline was not objectively unreasonable given Second Circuit precedent on the issue).

To be sure, as Roderique correctly notes, *see* Reply at 2, there is a Circuit split on whether an inchoate drug offense can be a controlled substance offense under the prior language of Section 4B1.2. The First, Second, Fifth, Seventh, and Eighth Circuits have held that an inchoate drug offense can constitute a controlled substance offense, *see United States v. Vargas*, 74 F.4th 673, 698 (5th Cir. 2023) (en banc) (conspiracy); *United States v. Smith*, 989 F.3d 575, 586 (7th Cir. 2021) (conspiracy), *cert. denied*, 142 S. Ct. 488 (2021); *United States v. Jefferson*, 975 F.3d 700, 708 (8th Cir. 2020) (attempt), *cert. denied*, 141 S. Ct. 2820 (2021); *United States v. Lewis*, 963 F.3d 16, 21-25 (1st Cir. 2020), *cert. denied*, 141 S. Ct. 2826 (2021); *Tabb*, 949 F.3d at 88 (conspiracy), while the Tenth Circuit reached such a result with respect to attempted crime of

violence, *see United States v. Lovato*, 950 F.3d 1337, 1347 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 2814 (2021).  Meanwhile, the Fourth, Sixth, Ninth, Eleventh, and D.C. Circuits have not extended the scope of controlled substance offenses to inchoate offenses.  *See United States v. Castillo*, 69 F.4th 648, 654 (9th Cir. 2023) (conspiracy); *United States v. Dupree*, 57 F.4th 1269, 1273-79 (11th Cir. 2023) (en banc) (conspiracy); *United States v. Nasir*, 982 F.3d 144, 159-60 (3d Cir. 2020) (en banc) (attempt), *vacated on other grounds*, 142 S. Ct. 56 (2021); *United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019) (conspiracy); *United States v. Havis*, 927 F.3d 382, 386-87 (6th Cir. 2019) (en banc) (attempt); *United States v. Winstead*, 890 F.3d 1082, 1091-92 (D.C. Cir. 2018) (attempt).

However, as confirmed as recently as 2020 in *Richardson* and *Tabb*, the Second Circuit's position on this question is clear: a violation of 21 U.S.C. § 846 qualifies as a controlled substance offense under the former version of Section 4B1.2(b) in the Second Circuit.  Roderique's counsel cannot be faulted for not pursuing an argument that has been rejected by the Second Circuit, in the hopes that the Circuit will revisit its position or that the Supreme Court will issue a decision favorable to him.  *See, e.g., McCoy v. United States*, 707 F.3d 184, 188 (2d Cir. 2013) ("An attorney is not required to forecast changes or advances in the law in order to provide effective assistance." (internal quotations omitted); *Brown v. Greene*, 577 F.3d 107, 110 (2d Cir. 2009) (explaining that counsel "'cannot be deemed incompetent for failing to predict' that a higher court would overrule its earlier precedent" (quoting *Jameson v. Coughlin*, 22 F.3d 427, 429-30 (2d Cir. 1994)); *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) ("Counsel is not required to forecast changes in the governing law.").[5]

---

[5] Indeed, the chance of the Supreme Court granting *certiorari* to resolve the scope of the former version of U.S.S.G. § 4B1.2 would seem to be particularly low now that the Sentencing

Similarly, the failure of counsel to pursue an argument at sentencing, predicated on a legal theory that had been rejected by the Second Circuit, could not have caused Roderique prejudice as this Court would have been bound by Second Circuit precedent.  *See Strickland*, 466 U.S. at 694 (explaining that "prejudice" for purposes of an ineffective assistance claim requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

### IV.  Conclusion

For the aforementioned reasons, Roderique's motion is denied.  The Clerk of Court is respectfully directed to close the motion pending at Docket Number 228 in case number 21 Cr. 56 (JPC) and to close case number 23 Civ. 9349 (JPC).  A certificate of appealability shall not be granted because Roderique has not made a substantial showing of a denial of a federal right.  *See Hoffler v. Bezio*, 726 F.3d 144, 154 (2d Cir. 2013).  The Clerk of the Court is also respectfully directed to mail a copy of this Opinion and Order to Defendant Kareem Roderique at:

> Kareem Roderique
> Reg. No. 05084-070
> FCI Allenwood Low
> Federal Correctional Institution
> P.O. Box 1000
> White Deer, PA 17887

SO ORDERED.

Dated: February 20, 2024
New York, New York

                JOHN P. CRONAN
              United States District Judge

---

Commission has amended Section 4B1.2 in a manner that addresses the issue that gave rise to a Circuit split.  *See supra* n.4.